# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**BERNARD REED,**
**Claimant Below, Petitioner**

**FILED**

December 11, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 19-0644** (BOR Appeal No. 2053843)
         (Claim No. 2017028985)

**SPARTAN MINING COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Bernard Reed, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Spartan Mining Company, by Counsel Sean Harter, filed a timely response.

The issue on appeal is an additional compensable condition and medical benefits. On March 27, 2018, the claims administrator denied Mr. Reed's request to add lumbar radiculopathy as a compensable condition. On May 22, 2018, the claims administrator denied Mr. Reed's request for the authorization of a repeat MRI of his lumbar spine. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decisions on January 11, 2019. This appeal arises from the Board of Review's Order dated June 18, 2019, in which the Board of Review affirmed the decision of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 6, 2017, Mr. Reed was working as a utility man for Spartan Mining Company when he injured his low back, left leg, and groin while lifting and loading a belt structure. He sought treatment at Bluefield Regional Medical Center. X-rays taken of the lumbar spine revealed moderately severe degenerative changes at L5-S1 with mild to moderate degenerative changes at multiple levels elsewhere. No acute abnormalities were observed. He was discharged from the hospital with a prescription of Medrol.

1

On June 7, 2017, Mr. Reed was treated by a physician at MedExpress in Princeton, WV, and an Employees' and Physicians' Report of Injury was completed at that time. The diagnosis was right low back injury. Mr. Reed visited MedExpress on June 13, 2017; June 20, 2017; and June 27, 2017, with complaints of back pain, which radiated to his left leg. He was diagnosed with strain of muscle, fascia and tendon of lower back and left-sided sciatica.

Mr. Reed treated with Vincent Wardlow, D.C., on June 11, 2017. Mr. Reed represented to Dr. Wardlow that he was injured when he bent over and picked up a 200-pound structure and immediately felt shooting and sharp pain in his lower back and down his left side. Dr. Wardlow diagnosed Mr. Reed with acute lumbar and lumbosacral strain/sprains and multiple disc syndrome from L3-S1. He indicated that some complicating factors in this case were facet joint arthritis and some canal stenosis. Dr. Wardlow recommended continued chiropractic treatment.

An MRI of Mr. Reed's lumbar spine was taken at Princeton Community Hospital on June 24, 2017. Basim Antoun, M.D., found no acute abnormality, but detected the following abnormalities:

> [l]igamentum flavum hypertrophy, facet joint arthropathy, mild disc bulge, and spinal canal narrowing at L3-L4; moderate degenerative disc, advanced facet joint arthropathy, ligamentum flavum hypertrophy, severe spinal canal and moderate biforaminal stenosis, left worse than right at L4-L5; and advanced disc space narrowing, small focal central posterior disc herniation, facet joint arthropathy, and mild biforaminal narrowing at L5-S1.

By Order dated June 26, 2017, the claims administrator found the claim compensable for a strain of muscle, fascia, and tendon of lower back, but excluded from compensability lumbago, low-back pain, and sciatica. Mr. Reed did not protest the claims administrator's decision.

Mr. Reed returned to MedExpress on July 18, 2017, and he reported that he had attended physical therapy. However, Mr. Reed indicated that physical therapy had made his symptoms worse. He was diagnosed with spinal stenosis, lumbar region. He was also scheduled for a neurosurgical consultation.

Rajesh Patel, M.D., an orthopedic surgeon, examined Mr. Reed on July 31, 2017. Dr. Patel diagnosed Mr. Reed with the following: lumbar sprain; lumbar spinal stenosis at L4-L5; spondylolisthesis at L4-L5, with mild instability; lumbar radiculitis bilaterally; lumbar disc protrusion at L5-S1; mild stenosis at L3-L4; neurogenic claudication; and lumbar radiculitis. Although Dr. Patel believed that Mr. Reed was heading for possible surgical intervention, he recommended continued chiropractic treatment and epidural injections.

By Order of the claims administrator dated September 1, 2017, the diagnosis of lumbar radiculopathy was accepted as a compensable component of the claim. Mr. Reed protested the claims administrator's decision and elected to proceed via the expedited adjudication process. In

a second Order dated September 1, 2017, the claims administrator granted Mr. Reed's request to add lumbar radiculopathy as a compensable condition.

Mr. Reed was seen by Brian Yee, D.O, on September 21, 2017. Dr. Yee indicated that he would recommend an epidural steroid injection for pain. He diagnosed Mr. Reed as suffering from lumbar sprain, lumbar disc degeneration, and lumbar radiculopathy.

Marsha Bailey, M.D., authored a report dated October 30, 2017, in which she stated that she evaluated Mr. Reed at the request of the claims administrator. She indicated that at the time of her evaluation, Mr. Reed exhibited a significant amount of symptom magnification. She believed that his simple sprain/strain injury of June 6, 2017, had resolved. Citing Mr. Reed's lumbar spine MRI, Dr. Bailey noted that he suffered from moderate to severe degenerative disc disease, facet arthropathy, and ligamentum flavum hypertrophy, which all contributed to varying degrees of spinal canal stenosis. Dr. Bailey related the identified conditions to his normal aging process.

A report dated December 18, 2017, by Michael J. Kominsky, D.C., indicated that Mr. Reed had been treating with Dr. Kominsky from July 11, 2017, through December 18, 2017. Dr. Kominsky reported that Mr. Reed continued to experience residual pain related to the compensable injury. He diagnosed Mr. Reed with lumbar joint dysfunction, lumbar sprain/strain, lumbar disc displacement and lumbar spinal stenosis, which he related to Mr. Reed's injury. Dr. Kominsky commented that he disagreed with the conclusions of Dr. Bailey. He noted that Mr. Reed had been previously functioning at a high level of activity without any pain before the injury of June 6, 2017, and that his preexisting degenerative changes had not precluded Mr. Reed from performing at the physical demand level required for his work. Dr. Kominsky stated that he believed that Mr. Reed had not yet reached his maximum degree of medical improvement.

By Decision of the Office of Judges dated January 31, 2018, the September 1, 2017, Order of the claims administrator holding the claim compensable for strain of muscle, fascia and tendon of the lower back and rejecting the diagnoses of lumbar disc displacement and lumbar spinal stenosis was affirmed. By Corrected Decision by the claims administrator dated March 27, 2018, the diagnosis of lumbar radiculopathy was denied as a compensable condition. By Order of the claims administrator dated May 22, 2018, a request from Dr. Patel dated April 25, 2018, for a repeat MRI of Mr. Reed's lumbar spine, was denied. Mr. Reed protested the claims administrator's decision.

In a report dated July 17, 2018, Bruce Guberman, M.D., stated that he evaluated Mr. Reed and diagnosed him with chronic post-traumatic strain of the lumber spine due to the injury occurring at work on June 6, 2017, and signs and symptoms consistent with bilateral L5-S1 radiculopathy. Dr. Guberman rendered a finding of maximum medical improvement, and he stated that no further specific treatment and/or diagnostic testing was likely to improve Mr. Reed's compensable impairment. Dr. Guberman opined two impairment ratings, one if radiculopathy were ruled compensable, and the other if radiculopathy were to remain non-compensable. Dr. Guberman recommended 9% whole person impairment for the compensable injury of June 6, 2017, if radiculopathy were compensable, and a 4% impairment for such injury, if radiculopathy were not compensable, per the range of motion model and Rule 20.

Prasadarao B. Mukkamala, M.D., evaluated Mr. Reed on September 6, 2018. In his report dated September 10, 2018, Dr. Mukkamala diagnosed the June 6, 2017, injury as a lumbar sprain. Dr. Mukkamala added that there is no credible evidence that Mr. Reed has any lumbar radiculopathy. Dr. Mukkamala determined that he had reached maximum medical improvement and that there was no indication to repeat the lumbar spine MRI. Dr. Mukkamala added that Mr. Reed had a total of 8% whole person impairment relative to the lumbar spine. After apportionment, Dr. Mukkamala indicated 4% impairment for non-compensable age-related limitations, 2% impairment for the lower back injury of August 30, 1985, and 2% for the June 6, 2017, compensable injury.

By Decision of the Office of Judges dated January 11, 2019, the Orders of the claims administrator dated March 27, 2018, which denied Dr. Kominsky's request to add lumbar radiculopathy as a compensable condition, and May 22, 2018, which denied Dr. Patel's request for authorization for a repeat MRI of Mr. Reed's lumbar spine, were affirmed. The Office of Judges found that the evidentiary record did not contain an EMG confirming the presence of radiculopathy and that Drs. Bailey, Mukkamala, and Patel did not diagnose radiculopathy. The Office of Judges reasoned that if Mr. Reed had lumbar radiculopathy, then it would take a considerable leap of faith to attribute such condition to the compensable injury herein as the claim is compensable for only a lower back strain and not intervertebral disc placement. The Office of Judges also found that the evidentiary record supports a finding that Mr. Reed reached his maximum medical improvement, as opined by Drs. Mukkamala and Guberman. Because Mr. Reed has reached maximum medical improvement, Dr. Patel's request for a repeat MRI was found to be not medically necessary or reasonably related to the compensable injury in the claim. By Order dated June 18, 2019, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the January 11, 2019, decision.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. On July 19, 2017, Dr. Kominsky requested that lumbar radiculopathy be included as a compensable condition in the claim. Dr. Yee, in his report of September 21, 2018, diagnosed Mr. Reed as suffering from lumbar sprain, lumbar disc degeneration and lumbar radiculopathy. Drs. Bailey, Mukkamala, and Patel did not make a diagnosis of lumbar radiculopathy. Mr. Reed underwent an MRI of his lumbar spine on June 24, 2017, which revealed at the very least moderate degenerative disc disease. Dr. Bailey opined that the condition was attributable to Mr. Reed's age-related low back problems. The Office of Judges concluded that a preponderance of credible evidence does not support the diagnosis of lumbar radiculopathy. The Office of Judges also concluded that the preponderance of the credible medical evidence fails to establish that Mr. Reed requires a repeat MRI of his lumbar spine. Drs. Mukkamala and Guberman both indicated that Mr. Reed had reached his maximum degree of medical improvement and no additional diagnostic testing would be needed. Thus, Mr. Reed has failed to establish that a repeat MRI is reasonable or necessary treatment to treat his compensable condition.

4

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 11, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison